Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Shannon Chia;<br><br>    Plaintiff,<br><br>v.<br><br>Autovest, LLC; and Fulton, Friedman & Gullace, LLP;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br><br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff is a natural person who resides in Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.
7. Autovest collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
8. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Fulton, Friedman & Gullace, LLP ("FFG") is a New York limited liability partnership with offices in Arizona.
10. FFG is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.
11. FFG is a "debt collector" as that term is defined by FDCPA § 1692a(6).
12. FFG's collection actions taken against Plaintiff were taken on behalf of, and as agent for, Autovest.

## IV.  Factual Allegations

13. In or about July 27, 2006, Plaintiff purchased a 2006 Ford Focus from the automobile dealership Courtesy on Bell for personal, family, or household purposes.

14. In order to purchase the Focus, Plaintiff entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Courtesy on Bell.

15. Courtesy on Bell subsequently assigned the RISC to Wells Fargo Bank, N.A.

16. Sometime later, Plaintiff fell behind on their monthly payments owed under the RISC, and Wells Fargo repossessed the Focus on or about January 19, 2009.

17. After the repossession, Wells Fargo sold the Focus on or about February 25, 2009 and applied the sales proceeds to the balance owed under the RISC.

18. After applying the sales proceeds to the balance on the account, Wells Fargo claimed that Plaintiff owed a deficiency balance.

19. Autovest asserts that it purchased Plaintiff' Wells Fargo contract sometime after default and repossession.

20. Autovest subsequently hired FFG to assist it in collecting the claimed deficiency balance from Plaintiff.

21. Arizona Revised Statute § 47-2725(A) provides that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

22. More than five years after the repossession, on August 22, 2014, FFG

|   |   |   |
|---|---|---|
| 1 |  | filed suit on behalf of Autovest against Plaintiff in the Maricopa |
| 2 |  | County Superior Court in an attempt to collect the alleged deficiency |
| 3 |  | balance. |
| 4 | 23. | At the time Defendants filed the suit, they misrepresented the status of |
| 5 |  | the debt, including that the debt was not stale, and that the suit was |
| 6 |  | filed within the applicable statute of limitations. |
| 7 | 24. | At the time Defendants filed suit against Plaintiff, Autovest knew that |
| 8 |  | the debt had been in default for over four years. |
| 9 | 25. | At the time Defendants filed suit against Plaintiff, Autovest knew that |
| 10 |  | the statute of limitations to collect on a RISC was four years under |
| 11 |  | Arizona law. |
| 12 | 26. | At the time Defendants filed suit against Plaintiff, FFG knew that the |
| 13 |  | debt had been in default for over four years. |
| 14 | 27. | At the time Defendants filed suit against Plaintiff, FFG knew that the |
| 15 |  | statute of limitations to collect on a RISC was four years under Arizona |
| 16 |  | law. |
| 17 | 28. | Despite knowing that their claim was stale, Defendants continued to |
| 18 |  | pursue the lawsuit against Plaintiff. |
| 19 | 29. | As a result of Defendants' actions as outlined above, Plaintiff has |
| 20 |  | suffered actual damages. |
| 21 | 30. | Defendants' actions as outlined above were intentional, willful, and in |
| 22 |  | gross or reckless disregard of Plaintiff's rights, and part of Defendants' |
| 23 |  | persistent and routine practice of debt collection. |
| 24 | 31. | In the alternative, Defendants' actions were negligent. |
| 25 |  |  |

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

34. As a direct result and proximate cause of Defendants' actions taken in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

DATED   August 24, 2015  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com
Attorney for Plaintiff